Matter of Rosales (2019 NY Slip Op 06174)





Matter of Rosales


2019 NY Slip Op 06174


Decided on August 21, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-15008

[*1]In the Matter of Omar Rosales, an attorney and counselor-at-law. (Attorney Registration No. 5513619)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 24, 2017. By order to show cause dated January 25, 2019, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the United States District Court for the Western District of Texas, San Antonio Division, filed July 11, 2017, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.



Diana Maxfield Kearse, Brooklyn, NY, for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Omar Rosales, New York, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
By order filed July 11, 2017, the United States District Court for the Western District of Texas, San Antonio Division, suspended the respondent from the practice of law in the Western District of Texas for three years (see In re Disciplinary Complaint Against Rosales , 2017 WL 8180454 [WD, TX], affd 716 Fed Appx 364 [5th Cir]; hereinafter the District Court order).
Sanctions Order 
The District Court order emanated from a referral by United States Magistrate Judge Mark Lane to the Western District of Texas Disciplinary Committee of the issues raised in an order dated December 7, 2016, involving six captioned cases, wherein Magistrate Judge Lane imposed sanctions against the respondent for bad faith conduct (see Deutsch v Henry , 2016 WL 7165993, 2016 US Dist LEXIS 168987 [WD TX], affd 716 Fed Appx 361 [5th Cir]; hereinafter the sanctions order). The six captioned cases were: Deutsch v Henry ; Deutsch v Draker Enters., Inc. ; Deutsch v Chiwawa, Inc. ; Deutsch v Clark, et al. ; Deutsch v La Tierra De Simmons Familia Ltd. ; and Deutsch v Phil's Icehouse, Inc . The respondent represented the plaintiff, Jon R. Deutsch, an individual with disabilities who requires a wheelchair for mobility. Since 2015, together with the respondent, Deutsch filed 385 lawsuits in the Austin Division of the Western District of Texas. The lawsuits followed a similar model—Deutsch would sue a small business alleging violations of Title III of the Americans with Disabilities Act (hereinafter the ADA) and its regulations and guidelines, the Texas Human Resources Code, the Texas Architectural Barriers Act, and the Texas Accessibility Standards. Each complaint alleged that Deutsch could not access the defendant's facilities due to insufficient or inadequate parking for persons with disabilities, lack of required signage, or thresholds or transitions between the parking lot and the business that did not meet the relevant accessibility standards. The violations were mostly real, yet relatively de minimus, and the [*2]businesses were mostly unaware that they were not ADA-compliant. The remedies sought were injunctive relief to cure the alleged accessibility violations, declaratory relief, statutory damages, and attorney's fees and costs. The captioned cases all fit this model.
James C. Harrington, a prominent civil rights attorney and former director of the Texas Civil Rights Project, represented the defendants pro bono in all six cases in his individual capacity. The procedural history of the six cases, described in the sanctions order as "copious and convoluted," included various motions referred by the district judges to Magistrate Judge Lane for disposition, among them, the defendants' respective motions for sanctions. Magistrate Judge Lane conducted an evidentiary hearing with respect to five categories of behavior cited as sanctionable by the defendants: (1) the respondent's "false, abusive statements," consisting of 29 unique statements made by the respondent a total of 113 times in various filings across the six cases; (2) an alleged fabricated email; (3) a criminal stalking charge made by the respondent against Harrington; (4) the respondent's motion requesting a separate hearing from Harrington; and (5) alleged violations by the respondent of the Texas Disciplinary Rules of Professional Conduct (hereinafter the TDRPC).
With respect to the false, abusive statements, Magistrate Judge Lane found that the respondent's 29 false statements, repeated 113 times, were not mistakes, but rather "habitual, bad faith misconduct that demean[ed] not only their intended recipient, but [the respondent] and the federal court in which he filed them as well" (2016 WL 7165993, *18, 2016 US Dist Lexis 168987, *53). Regarding the alleged fabricated email, Magistrate Judge Lane found that the evidence established that the respondent sent the email to himself, doctored it to change both the recipient and the date sent, and then filed it in response to a motion to compel in an attempt to influence the court's ruling on the motion (see 2016 WL 7165993, *18, 2016 US Dist Lexis 168987, *53). As to the criminal stalking charge, Magistrate Judge Lane found that the evidence "prove[d] that [the respondent] filed a groundless report with the Austin Police Department alleging that Harrington was stalking him and applied for an ex parte protective order based on this report in bad faith" (2016 WL 7165993, *18, 2016 US Dist Lexis 168987, *53). As for the respondent's request for a separate hearing, Magistrate Judge Lane found the request had been made for an "improper purpose." Finally, as to the violation of the disciplinary rules, Magistrate Judge Lane left that determination to the appropriate disciplinary bodies.
Magistrate Judge Lane found that the respondent conducted himself in bad faith throughout the litigation, and determined that sanctions were warranted, remarking that the District and these defendants were not the first to fall victim to abusive ADA litigation of the Rosales mold that was driven by a profit-making motive (see 2016 WL 7165993, *21, 2016 US Dist Lexis 168987, *61-62). Magistrate Judge Lane, inter alia, awarded Harrington attorney's fees in the sum of $32,962.50 and referred the matter to the Western District of Texas Disciplinary Committee to determine whether further sanctions were appropriate, including disbarment.
Referral and Final Report 
A Panel appointed by the Departmental Disciplinary Committee (hereinafter the Panel) issued a Final Report and Recommendation on April 25, 2017 (hereinafter the Final Report). Prior to issuing the Final Report, the Panel directed the respondent to appear at an evidentiary hearing, but the respondent failed to appear, taking the position that he did not need to attend because the disciplinary proceeding would "cease to exist" if the sanctions order were reversed on appeal. The respondent did, however, file a first set of objections to the Panel's Initial Report and Recommendation.
The Final Report concluded that the respondent violated the following Rules of the TDRPC: Rule 3.01 ("Meritorious Claims and Contentions"); Rule 3.02 ("Minimizing the Burdens and Delays of Litigation"); Rule 3.03(a) and 3.4(b) ("Candor Toward the Tribunal" and "Fairness in Adjudicatory Proceedings," respectively); Rule 3.03(b) ("Candor Toward the Tribunal"); Rule 3.04(c)(5) ("Fairness in Adjudicatory Proceedings"); Rule 4.04(a) ("Respect for Rights of Third Persons"); Rule 4.04(b)(1) ("Respect for Rights of Third Persons"); and Rule 8.04(a)(3) ("Misconduct"). The Final Report also concluded that the respondent violated the Local Attorney Rules for the Western District of Texas, namely, that: (1) the respondent presented an impediment to the orderly administration of justice or integrity of the court, in violation of Local Rule AT-7(c)(6); (2) the respondent represented his client, Deutsch, in such a manner as to raise a serious question concerning the quality of his professional performance, in violation of Local Rule AT-7(c)(7); and (3) the respondent violated his duty under Local Rule AT-7(f)(5) to fully cooperate with the Panel's investigation. The Panel found the respondent's objections to be meritless.
The respondent filed a second set of objections to the Final Report. The Final Report and the second set of objections were referred to United States District Judge David Alan Ezra, who conducted a hearing on July 7, 2017. The respondent, represented by counsel, attended the hearing.
District Court Order 
In a lengthy order filed July 11, 2017, the District Court addressed each of the respondent's objections and overruled them all, finding them to be baseless (see 2017 WL 8180454). The District Court adopted the findings of the Final Report, except as to the Panel's recommended sanction.
Specifically, with regard to the violation of TDRPC Rule 3.01, the District Court found that:
"Rosales violated TDRPC Rule 3.01 by asserting several issues in the six ADA lawsuits without a reasonable belief that a non-frivolous basis existed for those issues. For instance, Rosales's filing of a criminal complaint of a terroristic threat' by Harrington . . . , and the filing of an ex parte TRO in a Travis County Court at Law to protect him from Harrington's alleged erratic' stalking, harassment, and intimidation . . . , were filed without reasonable belief that non-frivolous bases existed for those issues. As the record makes clear, no evidence supports or supported any good faith allegation that Harrington engaged in any terroristic' threat or that he stalked Rosales or was acting irrationally, as alleged in those matters. In fact, at the state court evidentiary hearing addressing Rosales' application for permanent protective order, wherein the TRO was dissolved and the application was denied, Rosales admitted that he had never seen Harrington near his home, near his car, and near his work—in direct contravention to Rosales' sworn affidavit submitted with his application for protective order" (id. at *24).
With regard to TDRPC Rule 3.02, the District Court found that:
"The evidentiary record makes clear that Rosales, throughout the litigation in the six ADA matters, took positions that unreasonably increased the costs and unreasonably delayed the resolution of those matters by, inter alia , filing (i) multiple baseless sanctions motions against Harrington; (ii) the motion for separate hearing; and (iii) failing to comply with court orders to make witnesses available for depositions" (id. ).
As for TDRPC Rules 3.03 and 3.04, the District Court found that:
"It is preposterous and astounding to this Court, in light of all of the contravening expert testimony, evidentiary records, and Judge Lane's explicit finding, that Rosales continues to assert that the fabricated email was actually sent in error.' In fact, the record makes clear that Rosales doctored and fabricated an email in the Clark case, attached it as evidence in purported support of his response to Harrington's motion to compel Court-ordered depositions, and then provided false evidence to the Court regarding the circumstances of that email. Furthermore, as the Final Report indicates, Rosales has provided no evidence—either to Judge Lane or the Panel—to support [his] claim that the email was sent in error'" (id. at *25).
Concerning TDRPC Rule 3.04(c)(5), the District Court found that:
"Rosales violated TDRPC Rule 3.04(c)(5) by, inter alia , engaging in conduct—such as taking out the TRO against Harrington in state court—clearly intended to disrupt the civil ADA proceedings, especially as evidenced by the fact that Rosales filed a motion for separate hearing in light of the protective order" (id. at *26).
With respect to TDRPC Rule 4.04(a), the District Court found that:
"Rosales violated TDRPC Rule 4.04(a) by using means with no substantial purpose other than to embarrass, defame, and humiliate Harrington. Numerous instances are described in the Order and listed in the Order's Appendix of Sanctioned Statements, and include repeated false and abusive statements and name-callings,' frivolous motions, fabricated evidence, and initiation of criminal charges against Harrington to gain tactical advantage in the civil ADA proceedings" (id. ).
As to TDRPC Rules 4.04(b)(1) and 8.04(a)(3), the District Court found that:
"By clear and convincing evidence, the record overwhelmingly supports a finding that Rosales' bad faith conduct in these matters has been brazenly dishonest[ ], deceitful, and fraudulent, and worse, Rosales has not expressed remorse—or even acknowledged any wrongdoing—despite being provided the opportunity to do so before the Panel and before this Court" (id. ).
In conclusion, the District Court found the respondent "unquestionably acted in bad faith," and that he had been afforded notice and due process at every stage of the proceedings (id . at *27). The District Court found that the respondent did not meet his burden in showing good cause why he should not be disciplined. The District Court deviated from the Final Report's recommendation in only one aspect—the discipline to be imposed. Based on evidence received in mitigation, namely, the respondent's diagnosis that he suffers from post-traumatic stress disorder (hereinafter PTSD) and his willingness to undergo mental health treatment, the District Court imposed a three-year suspension. The District Court order further provided, inter alia, that in the event the respondent seeks readmission at the end of the three-year suspension, he was required to continue mental health counseling and participate in anger management classes.
By order filed March 27, 2018, the United States Court of Appeals for the Fifth Circuit affirmed the District Court order (see In re Rosales , 716 Fed Appx 364 [5th Cir]). The respondent's petition to the United States Supreme Court for a writ of certiorari was denied (see Deutsch v Phil's Icehouse, Inc. , _____ US _____, 139 S Ct 193).
Order to Show Cause 
By order to show cause dated January 25, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the District Court order, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.
In an affirmation dated March 12, 2019, the respondent's then-attorney acknowledged, as an initial matter, that the respondent failed to comply with the notification requirements of 22 NYCRR 1240.13(d) regarding his suspension, and neglected to disclose the pending disciplinary matter in Texas on his New York bar application and at his Character and Fitness interview. No affidavit from the respondent himself was received in response to the order to show cause. As to reciprocal discipline, the respondent's then-attorney did not oppose the imposition of reciprocal discipline, but urged this Court to impose the most lenient discipline, taking into consideration the following mitigating circumstances: the respondent attended Vanderbilt University on a Naval ROTC scholarship and graduated with honors; the respondent served with distinction in the United States Marine Corps; the respondent is a disabled veteran with various impairments, including PTSD; the respondent had never before faced a hostile adversary and reacted uncharacteristically in a manner that he sincerely regrets; the respondent's misconduct was an aberration, attributable in part to PTSD; no client was harmed as a result of the respondent's misconduct; and the respondent has an otherwise unblemished disciplinary history.
Findings and Conclusion 
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted based on the findings of the United States District Court for the Western District of Texas, San Antonio Division. We disagree with the respondent's contention that he caused no harm. While the respondent's client may have suffered no harm, the same cannot be said of the courts, the profession at large, the public, and individuals seeking redress under the ADA in the future. In view of the severity of the misconduct, the number of falsehoods and lies, the respondent's fabrication of evidence, his dishonesty and deceit, the habitual and repeated nature of the misconduct, his misuse and exploitation of the integrity of the judicial system, the respondent's failure to heed the admonitions of the court, and the District Court's finding of bad faith, we conclude that a suspension from the practice of law for three years is warranted.
We note that this determination addresses only the respondent's misconduct in the Western District of Texas, and not his non-disclosures in this jurisdiction.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that, pursuant to 22 NYCRR 1240.13, the respondent, Omar Rosales, is [*3]suspended from the practice of law for three years, commencing September 20, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 18, 2022. In such application (see 22 NYCRR 691.11 and 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Omar Rosales, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Omar Rosales, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Omar Rosales, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court